UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-119-KSF

PROGRESSIVE MAX INS. CO.                                                                PLAINTIFF

V.                                            **OPINION & ORDER**

JAMES ROSS, *et al.*                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's motion for summary judgment [DE #7].

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The plaintiff Progressive Max Insurance Company ("Progressive") filed this declaratory judgment action against defendants James Ross ("Ross") and Krista Cawood ("Cawood") in connection with a policy Progressive issued to Scott Adams ("Adams"), who is not a party to this action. Cawood and Ross were involved in a motor vehicle accident on June 30, 2005, and Cawood was injured as a result. At the time, Ross was driving a vehicle owned by Adams, his roommate, and insured by Progressive. In February of 2006, Cawood filed suit against Ross in Fayette Circuit Court in connection with the accident (the "Underlying State Action") and Progressive retained counsel and apparently provided a defense for Ross.

On April 19, 2006, while the Underlying State Action was still pending, Progressive filed a complaint in this Court pursuant to 28 U.S.C. § 2201 seeking a declaration that Adams's policy with Progressive provides no liability coverage for the motor vehicle accident at issue and, thus, Progressive has no duty to defend Ross in the Underlying State Action or to indemnify him in

connection with Cawood's claims. Cawood has filed an answer to the complaint, but Ross has neither responded nor entered an appearance in this action to date.[1] At the time the pleadings for this motion were filed in September of 2006, the Underlying State Action was still pending and in the discovery phase, but the parties have not provided any updated information since then.

## II. MOTION FOR SUMMARY JUDGMENT

### A. The Parties' Arguments

Progressive has filed a motion for summary judgment asking the Court to enter a declaration that Ross is not entitled to insurance coverage from Progressive because Ross did not have permission to use the covered vehicle when he had the accident with Cawood and because he had no driver's license at the time. According to Progressive, it has no duty to indemnify or defend Ross for Cawood's bodily injury claim under the circumstances presented in this case.

Cawood responds not on the merits, but with the argument that the declaratory relief sought by Progressive is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits a federal court from granting in injunction to stay proceedings in a state court except in limited circumstances. Cawood argues that any declaratory judgment regarding insurance coverage would have the same practical effect as an injunction and would impede and stop the parties from proceedings with the Underlying State Action, which is exactly what the Anti-Injunction Act prohibits. Cawood further argues that no discovery has been taken in this action despite her efforts and, therefore, any entry of summary judgment is premature.

---

[1] Based on a review of the record, Progressive has not taken any action in pursuit of default judgment against Ross in the present action.

In reply, Progressive asserts that Cawood failed to raise any issue of material fact concerning the non-permissive use of Adams's car by defendant Ross. Thus, summary judgment should be granted. Progressive also counters that the Anti-Injunction Act is not applicable to the present case in that Progressive has never moved this Court for an injunction and has never asked or attempted to stop the parties from proceeding in the Underlying State Action.

### III.  DISCUSSION

#### A.  Anti-Injunction Act

The Anti-Injunction Act prohibits federal courts from granting "an injunction to stay proceedings in a State court" except in limited circumstances not present here. 28 U.S.C. § 2283. In the present case, Progressive does not ask the Court to grant an injunction to stay proceedings in the Underlying State Action, but Cawood argues that the Anti-Injunction Act still applies because where "declaratory relief would have the same practical effect as an injunction, the Anti-Injunction Act precludes the court from granting a declaratory judgment." Martingale LLC v. City of Louisville, 361 F.3d 297 (6th Cir. 2004).

The Court is unable to determine how granting the declaratory relief sought in this case – a declaration that Progressive has no duty to indemnify or defend Ross in the Underlying State Action – would have the same practical effect as an injunction to stay the state court proceedings. Cawood states without explanation that granting an injunction would "no doubt have the same practical effect as an injunction and would impede the underlying personal injury claim." She also argues that a declaratory judgment "would stop the parties from proceeding with existing state court litigation" but this would not be the case.

A declaration that Progressive did not have to defend or indemnify Ross would not stop the Underlying State Action because it would not in any way bar Cawood from pursuing Ross in tort. It would simply require Ross to provide his own defense and would require Cawood to look to someone other than Progressive should Ross be found liable. Based on the above, the Court finds that the Anti-Injunction Act does not have any application to the present case.

### B.  Jurisdiction Under the Declaratory Judgment Act

Although neither party raises the issue, the Court must consider whether to exercise jurisdiction over this matter in the first instance. Jurisdiction in this Court to grant relief under the Declaratory Judgment Act is discretionary. Aetna Cas. & Sur. Co. v. Sunshine Corp., 74 F.3d 685 (6th Cir. 1996). While this Court may exercise jurisdiction over declaratory judgment actions, it is "under no compulsion" to do so. Wilton v. Seven Falls Co., 515 U.S. 277, 278 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). In assessing actions for declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

In exercising its discretion, this Court must consider whether the judgment " 'will serve a useful purpose in clarifying and settling the legal relationship in issue' and whether it 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " Sunshine Corp., 74 F.3d at 687 (citation omitted). The Sixth Circuit has set forth five factors for the Court to consider in making this determination:

(1) whether the declaratory action would settle the controversy;

>(2)  whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
>(3)  whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
>
>(4)  whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
>(5)  whether there is an alternative remedy which is better or more effective.

Id. (quoting Grand Trunk Western R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984)); see also Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000) (reiterating five-factor test).

Considering the first and second factors, the Court notes that the plaintiff herein, Progressive, has not been named as a party to the Underlying State Action and, as a result, the precise question presented to the Court is not currently pending before a state court.  Therefore, this case would likely "settle the controversy" between Progressive, on the one hand, and Ross and Cawood, on the other, over insurance coverage without directly interfering with the Underlying State Action and would clarify the legal relations between *these*  parties.  However, it would not settle the controversy or clarify the legal relations as between *all* related parties to both suits.  Further, as the Sixth Circuit has noted, "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." Allstate Ins. Co. v. Mercier, 913 F.2d 273, 278 (6th Cir. 1990) (quoting Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 463 (6th Cir. 1986)).

As to the third factor, the Court has not seen any evidence of procedural fencing or anything other than good faith by the parties in having filed their respective actions. Nonetheless, the Court must keep in mind the following:

> [B]ecause the ordinary procedure for determining such questions is an action in indemnity for recovery of the policy proceeds, it appears likely that this action is, if not "procedural fencing," certainly part of a race for *res judicata*. **The availability of a traditional indemnity action as a more appropriate means of enforcement also argues against the grant of declaratory judgment in this case.** Moreover, the only basis of jurisdiction here is diversity jurisdiction. We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

American Home Assurance Co. v. Evans, 791 F.2d 61, 63 (6th Cir. 1986) (footnote omitted) (emphasis supplied).

Regarding the fourth factor, the Sixth Circuit directs courts to also give attention to the following considerations:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 814-15 (6th Cir. 2004) (citing Scottsdale Ins., 211 F.3d at 968). Since Progressive's declaratory judgment action seeks

resolution of a specific coverage dispute (the Underlying State Action), then it would appear that the factual issues in the Underlying State Action would be critical to the determination of the present action, and at least some of the factual issues in the Underlying State Action are important to an informed resolution of this case. Further, the state trial court is in a better position to evaluate those factual issues than this Court.

 Also, the question presented to this Court in the present case is solely one of state law. This declaratory judgment action does not raise any issues of federal law. Issues of insurance coverage for a Kentucky insured are involved. Insurance is a highly regulated industry in Kentucky and the Commonwealth has a keen interest not only in developing its insurance law, but also in adjudicating the rights of Kentucky insured parties. The Court notes that the Underlying State Action has been pending for over a year now. It is not clear whether Progressive's insured, Adams, has been brought into the case or involved in discovery in the case. Given the above, the Court finds that the present use of a declaratory action would increase friction between our federal and state courts and raises concerns of federalism and comity.

 Finally, as for the fifth factor, the Sixth Circuit has stated that, in general, a separate civil action in state court on defense and indemnification is an alternative remedy that is better and more effective than a declaratory action in federal court. Mercier, 913 F.2d at 278; American Home Assurance Co., 791 F.2d at 62. Based on all of the foregoing, the Court declines to exercise jurisdiction over this declaratory judgment action, in favor of proceedings currently pending in the Fayette County, Kentucky, Circuit Court.

 Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)   this matter is DISMISSED WITHOUT PREJUDICE to refile same in a court of competent jurisdiction; and

(2)   this matter is STRICKEN from the active docket of the Court.

This February 22, 2007.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge